FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JAN 17 AM 8:32

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DAVID SCOTT COMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 113-105 |
| ) | |
| MCDUFFIE COUNTY DETENTION ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at McDuffie County Detention Center ("MCDC") in Thomson, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), the Court screened his original complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. In a prior Report and Recommendation ("R&R"), the Court found that Plaintiff's complaint failed to state a claim upon which relief could be granted and recommended that the complaint be dismissed. (Doc. no. 11.) In lieu of objections, Plaintiff requested permission to amend his complaint to add additional facts and defendants. (Doc. no. 13.) In an Order dated October 30, 2013, the Court directed Plaintiff to submit an amended complaint, should he choose to file one, within fourteen days. (Doc. no. 14.) Plaintiff has now filed his amended complaint (doc. no. 15), which supersedes the original complaint in its entirety. See Pintado v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir.

2007). Because the amended complaint supersedes the original complaint, the Court has issued an Order vacating its prior R&R screening the original complaint. Therefore, the Court will proceed to screen Plaintiff's amended complaint to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. SCREENING OF THE AMENDED COMPLAINT

A. BACKGROUND

In his amended complaint Plaintiff names the following defendants, both of whom are officers at MCDC: (1) Sgt. Crawford, and (2) Sgt. Simms.[1] (See doc. no. 15, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges that, due to slippery conditions in and around the showers at MCDC, he fell while exiting the shower. (Id. at 5.) Plaintiff was taken to medical, where he was seen by Sgt. Simms. (Id.) Sgt. Simms stated that she needed to call the nurse, but failed to do so. (Id.) Sgt. Simms later stated that she was waiting for a call from the doctor, and that Plaintiff would be placed in a holding cell until the doctor called. (Id. at 5-6.) The following day Plaintiff was seen by a nurse, who saw "some swelling" of his hand. (Id. at 6-7.) During the examination, Plaintiff was able to move his hand, but experienced pain when he did so. (Id. at 7.) The nurse called the doctor, who stated that Plaintiff's hand should be x-rayed. (Id.) Plaintiff does not say when his hand was finally x-rayed, but states that while he waited he

---

[1] In his original complaint, Plaintiff named two other Defendants that are not included in his amended complaint. The Court will address Plaintiff's claims against those Defendants below. See infra Part I.B.2.

was provided with an ace bandage and also made himself a splint. (Id.) However, Plaintiff states that he was still in pain during this time. (Id.) Plaintiff asserts that Sgt. Crawford is liable for deliberate indifference to his serious medical needs based on his failure to ensure that Plaintiff was promptly taken for an x-ray, and that Sgt. Simms is liable for failing to call the nurse on the evening of Plaintiff's alleged fall.[2] (Id. at 8.) Plaintiff requests monetary damages as well as payment of his court costs. (Id.)

**B.  DISCUSSION**

**1.  Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the

---

[2] While attempting to state his deliberate indifference claim, Plaintiff mentions that the showers at MCDC have mold, inmates are not given adequate cleaning supplies, and that the showers do not have adequate non-slip pads. (Doc. no. 15, p. 5.) However, Plaintiff does not attempt to bring a separate conditions of confinement claim. (See id.) Moreover, even if Plaintiff were attempting to bring such a claim, it would fail because his complaints about the showers do not amount to a deprivation of "the minimal civilized measure of life's necessities." See Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985). Thus, Plaintiff's statements do not indicate the sort of "extreme" deprivation required to state a valid conditions of confinement claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

3

allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Defendants Not Named in the Amended Complaint should be Dismissed.

In the Court's Order instructing Plaintiff as to how to amend his complaint, he was warned that his amended complaint would supersede the original complaint in its entirety. (Doc. no. 14, p. 2 (citing Pintado, 501 F.3d at 1243; Lowery, 483 F.3d at 1219).) Plaintiff

4

was also specifically told that he must name all Defendants in the caption and the body of the amended complaint. (Id. at 2-3.) Upon review of the amended complaint, the Court finds that Plaintiff no longer names the following Defendants as parties to the lawsuit: (1) MCDC, and (2) Logan Marshall, Sheriff of McDuffie County. (See doc. no. 15, pp. 1, 4.) As Plaintiff fails to name these Defendants in the caption or describe in the body of the amended complaint any actions taken by them, they should be dismissed from this case.[1]

### 3. Plaintiff Fails to State a Claim for Deliberate Indifference to Medical Needs.

As noted above, Plaintiff contends that he received inadequate medical treatment due to the delay in receiving an x-ray of his hand, and that Defendants were therefore deliberately indifferent to his serious medial needs in violation of his Eighth Amendment constitutional rights. (Doc. no. 15, pp. 5-8.)

To state a claim of deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) Defendants acted with deliberate indifference to that need, and (3) his injury was caused by Defendants' wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the requirement of stating an objectively serious medical need, a prisoner

---

[1] Furthermore, as Plaintiff does not mention these Defendants in his amended complaint, he does not allege any facts that would give the Court reason to deviate from its conclusions in its prior R&R, wherein it found that MCDC and Sheriff Marshall should be dismissed from this case.

5

must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To state a claim that Defendants were deliberately indifferent to his medical needs, Plaintiff must allege that Defendants: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

In addition, as Plaintiff claims that a delay in medical treatment amounted to deliberate indifference, he must allege some "detrimental effect of the delay in medical treatment . . . ." Hill, 40 F.3d at 1188 (11th Cir.1994), *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners."). Whether such delay amounts to deliberate indifference to a serious medical need depends on the length of the delay as well as "the nature of the medical need and the reason for the delay." Farrow, 320 F.3d at 1247.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow, 320 F.3d at 1243. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen,

J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Here, Plaintiff has failed to satisfy either prong of the requisite two-prong test to state a viable deliberate indifference claim. First, he fails to allege that his hand injury constitutes a "sufficiently serious" medical issue that poses a serious and imminent risk to his health. The nurse commented that Plaintiff's hand hurt when he moved it, and had "a little swelling," and Plaintiff claims that this swelling and pain continued while he waited to have his hand x-rayed. (Doc. no. 15, pp 7-8.) However, Plaintiff was not diagnosed with an injury, and the symptoms described do not state an objectively serious medical need. Goebert, 510 F.3d at 1326. Furthermore, Plaintiff filed his complaint only days after his fall, and fails to allege that this brief delay resulted in any detrimental effect on his hand. Hill, 40 F.3d at 1188. Thus, Plaintiff fails to allege that the delay in receiving an x-ray on his hand amounts to a serious medical need. See Farrow, 320 F.3d at 1247.

Plaintiff has also failed to satisfy the second prong of the requisite test, in that he has

failed to allege that Defendants subjectively acted with "deliberate indifference" to his health or well-being. According to Plaintiff, he was immediately taken to medical and inspected by Sgt. Simms. (Doc. no. 15, p. 5.) The following day he was seen by a nurse, who consulted with a physician during the examination, resulting in an order that an x-ray be taken. (Id. at 6-7.) After the appointment, while waiting for the appointed time to be taken for an x-ray, Plaintiff was provided additional treatment, which included provision of an ace bandage. (Id. at 7.) Thus, neither Sgt. Crawford nor Sgt. Simms failed to procure treatment for Plaintiff following his fall. Plaintiff merely feels that medical staff should have scheduled him for an x-ray earlier, an issue outside the purview of Defendants' duties as officers at MCDC. As such, given the treatment provided to Plaintiff immediately after his fall and the following day, it is clear that his complaints of pain and requests for medical treatment were not met with deliberate indifference by Sgt. Crawford or Sgt. Sims. Thus, Plaintiff has failed to satisfy either prong of the requisite test to state a viable claim for deliberate indifference.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants MCDC and Marshall be dismissed from this case, Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of January, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE